UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00667-FDW

| | |
|---|---|
| GEOFFREY LEWIS WOMACK, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| PARAGON SYSTEMS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court upon initial review of Plaintiff Geoffrey Lewis Womack's pro se civil Complaint pursuant to 42 U.S.C. §§ 1983, 1985. (Doc. No. 1.)

I. **BACKGROUND**

Plaintiff filed this action on November 16, 2017, while incarcerated at the Mecklenburg County Jail. He names Paragon Systems, identified as a contractor that hires and trains security guards, Kristen Elizabeth Grisanti, identified as a security guard employed by Paragon Systems, and Pamela Reaves, also identified as a security guard employed by Paragon Systems, as Defendants.

According to the Complaint, Plaintiff went to the Social Security Administration on December 16, 2015, to check on a pending disability claim. (Compl. 3, Doc. No. 1.) Plaintiff asserts that while he was there, all of the security guards left their posts, and he observed two black males take items "that did not belong to them" from behind the security desk and leave. (Compl. 3.) Subsequently, Plaintiff led Defendants Grisanti and Reaves to Reaves' car, where they found their missing cell phones and a work phone. At the time, Plaintiff had Reaves's car keys in his possession. Defendant Grisanti called the police and reported the theft of the phones

1

and that someone had stolen her car, while Reaves detained Plaintiff by placing him in handcuffs. Plaintiff was arrested by the police for larceny. He alleges Grisanti's and Reaves' accusations against him were false and led to his arrest, detention, and prosecution on false charges.

Plaintiff alleges further that Defendant Reaves committed perjury during his February 2017 trial by lying about the color of her car, that the judge declared a mistrial, and that he has been wrongfully detained and/or imprisoned since his arrest. He purports to bring claims for perjury, false accusations, and false arrest against Defendants. He seeks damages in the amount of $77 million.

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis,[1] the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous," "malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In its frivolity review, the Court must determine whether the Complaint raises an "indisputably meritless legal theory," Denton v. Hernandez, 504 U.S. 25, 32 (1992), or is founded upon clearly baseless factual contentions, such as "fantastic or delusional scenarios," Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

With respect to failure to state a claim, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

---

[1] On December 18, 2017, the Clerk of Court entered an Order waiving payment of an initial partial filing fee and directing the prison facility where Plaintiff is housed to transmit partial payments until the full filing fee is paid. (Doc. No. 5.)

2

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. However, a complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). While a pro se complaint must be construed liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the liberal construction requirement will not permit a district court to ignore a plaintiff's clear failure to allege facts which set forth a claim that is cognizable under federal law, see Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

#### A. 42 USC § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The gist of Plaintiff's claim against Grisanti and Reaves is that their false accusations led to his arrest, detention, and prosecution. He also purports to bring a second claim against Reaves for committing perjury at trial.

##### 1. Defendant Paragon Systems

Turning first to Defendant Paragon Systems, the Complaint alleges Paragon Systems is a corporation registered in Virginia and North Carolina as a contractor that hires and trains security guards for "state and federal businesses." (Compl. 2.) "[A] private corporation is not liable

3

under § 1983 for torts committed by special police officers when such liability is predicated solely upon a theory of respondeat superior." Austin v. Paramount Parks, Inc., 195 F.3d 715, 727-28 (4th Cir. 1999) (citations omitted). "Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights." Id. (citation omitted).

Rule 8 of the Federal Rules of Civil Procedure requires that Plaintiff's Complaint "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp., 550 U.S. at 555 (internal citation and quotation omitted). Plaintiff has not alleged how Paragon Systems is a person acting under color of state law or identified any policies enacted by Paragon Systems that caused Plaintiff harm. Paragon Systems may not be sued under § 1983 based solely on its being Grisanti's and Reaves' employer. See Austin, 195 F.3d at 728.

Plaintiff has failed to state a claim against Paragon Systems for which relief may be granted. Therefore, it shall be dismissed as a Defendant in this action.

It also is questionable whether Defendants Grisanti and Reaves were acting under color of *state* law, as they allegedly worked for a private company providing services for the Social Security Administration, a *federal* agency. Section 1983 on its face does not create a cause of action against the United States, its agencies, or its officers because they are not acting under color of state law. See District of Columbia v. Carter, 409 U.S. 418, 424–25 (1973). Regardless, Plaintiff's Complaint is subject to dismissal on other grounds.

### 2. False Accusations Claim Against Grisanti and Reaves

As a consequence of his December 2015 arrest, Plaintiff was charged by indictment with felony larceny, felony possession of stolen goods, three counts of misdemeanor larceny, and attaining habitual felon status. State v. Womack, 809 S.E.2d 407, 2018 WL 710107, at *1 (N.C.

Ct. App. 2018) (unpublished).[2] The State voluntarily dismissed one count of misdemeanor larceny prior to trial. Id. On February 10, 2017, a jury found Plaintiff guilty of two counts of misdemeanor larceny. Id. The jury could not reach a verdict on the two felony counts, and a mistrial was declared as to those counts. Id. Because the State could not procure convictions on either of the felony counts, it could not proceed on the habitual felon indictment. Id. at *1 n.1. The trial court arrested judgment on one of the misdemeanor larceny convictions and sentenced Plaintiff to 120 days' imprisonment on the other larceny conviction. Id. at *1. Plaintiff's direct appeal was denied. Womack, 2018 WL 710107, at *2 ("We are unable to find any possible prejudicial error in the judgment and conclude that defendant's appeal therefrom is wholly frivolous.").

Plaintiff's claim for damages against Grisanti and Reaves is not cognizable under the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

---

[2] "[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" Goldfarb v. Mayor of Baltimore, 791 F.3d 500, 508 (4th Cir. 2015). Under Federal Rule of Evidence 201, a court may take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute," in that it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Id. at 486-7. In this claim, Plaintiff does not distinguish between Grisanti's and Reaves' accusations regarding theft of their property. He contends all of their accusations were false.

If this Court were to hold that Grisanti's and Reaves' accusations against Plaintiff were false, it would necessarily imply the invalidity of Plaintiff's misdemeanor larceny conviction. Therefore, Plaintiff's claim for damages cannot proceed under § 1983, unless he can show his criminal conviction has been terminated in his favor. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (interpreting Heck). Plaintiff has made no allegation or showing that his criminal judgment has been overturned or otherwise officially rendered invalid. Indeed, the North Carolina Court of Appeals did not issue its opinion rejecting Plaintiff's direct appeal until February 6, 2018, almost three months after Plaintiff filed the instant Complaint. See Womack, 2018 WL 710107.

Accordingly, Plaintiff's claim is barred for failure to state a claim that is cognizable under § 1983. See Wilkinson, 544 U.S. at 81-82. It shall be dismissed without prejudice to Plaintiff's ability to raise such a claim in a future § 1983 action, in the event he is able to obtain relief on his underlying misdemeanor larceny conviction by way of an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 or similar state proceeding.

### 3. Perjury Claim Against Reaves

Plaintiff's perjury claim is not a model of clarity. Under Count One of the Complaint, Plaintiff alleges Defendant "Grisanti filed a report with the Mecklenburg County Police Department stating that . . . someone stole her 'Grey' 2012 Honda Accord." (Compl. 5-6.) The Complaint then alleges Plaintiff was indicted for felonious larceny of a motor vehicle belonging to Defendant Reaves. (Compl. 6.) The indictment describes the motor vehicle as a "Gray 2012 Honda Accord," and Reaves testified at trial that her car is grey. (Compl. 6.) According to

Plaintiff, however, Reaves owns a navy blue 2012 Honda Accord. (Compl. 6.)[3]

Plaintiff has not identified the "right secured by the Constitution or laws of the United States" Defendant Reaves allegedly violated when she testified about the color of her car. See West, 487 U.S. at 48. Perjury is a criminal offense for which there is no private right of action. See e.g., Gilmore v. Gilmore, 748 S.E.2d 42, 45 (N.C. Ct. App. 2013) ("It is well established in North Carolina that neither perjury nor subornation of perjury may form the basis for a civil action."); Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). Moreover, witnesses are absolutely immune from damages under § 1983 for their testimony given in legal proceedings, whether that testimony is true or not. Briscoe v. LaHue, 460 U.S. 325, 335–36 (1983); see also Lyles v. Sparks, 79 F.3d 372, 378 (4th Cir. 1996) (extending absolute immunity under Briscoe to government witnesses in grand jury proceedings).

Plaintiff has failed to state a claim upon which relief may granted. See 28 U.S.C. § 1915(e)(2). He also seeks "seeks monetary relief against a defendant who is immune from such relief." See id. Therefore, his § 1983 claim for damages against Defendant Reaves based upon her alleged perjury at trial shall be dismissed with prejudice.

**B. 42 U.S.C. § 1985**

To bring a claim under 42 U.S.C. § 1985, a plaintiff must show:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995). Allegations of "parallel conduct and a bare

---

Heck. See id., 512 U.S. at 486-87.

assertion of a conspiracy" are not enough for a claim to proceed.  A Soc'y Without A Name v. Virginia, 655 F.3d 342, 347 (4th Cir. 2011) (quoting Twombly, 550 U.S. at 556).

Although Plaintiff purports to bring claims under § 1985 (Compl. 1), the Complaint contains no allegations to support the existence of any conspiracy.  Accordingly, the Complaint must be dismissed for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

Defendant Paragon Systems shall be dismissed as a defendant in this action.  Plaintiff's claim that Defendants Grisanti and Reaves made false accusations against him shall be dismissed without prejudice for failure to state a claim upon which relief may granted.  All other claims shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**IT IS, THEREFORE, ORDERED** that:

1. Paragon Systems is **DISMISSED** as a defendant in this action;

2. Plaintiff's 42 U.S.C. § 1983 claim that Defendants Grisanti and Reaves made false accusations against him is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted; and

3. All other claims in Plaintiff's Complaint (Doc. No. 1) are **DISMISSED with prejudice** for failure to state a claim upon which relief may granted, 28 U.S.C. § 1915(e)(2).

Signed: May 28, 2018

Frank D. Whitney
Chief United States District Judge